FILED
2017 Jan-26  PM 12:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **KENNETH RAY GRIFFIN, JR.,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  3:16-cv-00480-MHH** |
| | } | |
| **THE STATE OF ALABAMA, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION AND ORDER</u>

In 2007, an Alabama jury convicted plaintiff Kenneth Ray Griffin, Jr. of a violation of Alabama Code § 13A-12-192(b).  Section 13A-12-192(b) prohibits the knowing possession of "obscene matter that contains a visual depiction of a person under the age of 17 years engaged in an[] act of sado-masochistic abuse, sexual intercourse, sexual excitement, masturbation, genital nudity, or other sexual conduct."  ALA. CODE § 13A-12-192(b).  In this § 1983 action, Mr. Griffin argues that Alabama Code § 13A-12-192(b) is overly broad and violates the First Amendment because § 13A-12-192(b) prohibits not only the possession of prohibited images of minors but also the possession of obscene depictions of adults.  Mr. Griffin asks the Court to declare the statute unconstitutional.  (Docs. 13, 15; *see also* Doc. 30).  Pursuant to Federal Rules of Civil Procedure 12(b)(1)

and 12(b)(6), the State of Alabama, one of the defendants in this case, asks the Court to dismiss Mr. Griffin's amended complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (Doc. 17, p. 1). For the reasons stated below, the Court grants the motion to dismiss.

## A.     Dismissal under Rule 12(b)(1)

Under the *Rooker-Feldman* doctrine, lower federal courts may not entertain federal claims that amount to appeals of final state-court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (a plaintiff who wishes to appeal a state-court judgment must do so in the United States Supreme Court). The *Rooker-Feldman* doctrine is narrow, intended to apply only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 464. The State of Alabama argues that the *Rooker-Feldman* doctrine prohibits the Court from exercising jurisdiction over Mr. Griffin's claims because Mr. Griffin's amended complaint "is the functional equivalent of an appeal . . . from his state-court criminal judgment." (Doc. 17, p. 2). The Court disagrees.

Although "a state-court decision is not reviewable by lower federal courts, . . . a statute or rule governing the decision may be challenged in a federal action." *Skinner v. Switzer*, 562 U.S. 521, 532 (2011). Here, Mr. Griffin does not

attempt to appeal his criminal conviction.  Instead, he challenges the constitutional validity of § 13A-12-192(b), the statute that governs his conviction.  Under *Skinner*, Mr. Griffin is free to do so.  *Id.* at 532 (finding "no lack of subject-matter jurisdiction" over a plaintiff's challenge to the constitutionality of the criminal statute under which he had been convicted); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 487 (1983) (finding jurisdiction where "[t]he respondents' claims . . . d[id] not require review of a judicial decision in a particular case[,]" but instead involved a general constitutional attack).  Accordingly, the Court denies the State of Alabama's Rule 12(b)(1) motion to dismiss Mr. Griffin's amended complaint for lack of subject matter jurisdiction.  (Doc. 17, pp. 2–4).

**B.     Dismissal under Rule 12(b)(6)**

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  *See* FED. R. CIV. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The Court accepts the plaintiff's allegations as true when considering a defendant's motion to dismiss a complaint and asks whether the plaintiff alleges facts that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Maledy v. City of Enter.*, 2012 WL 1028176, at *1 (M.D. Ala.

March 26, 2012).  A complaint that alleges such facts is "'plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Because Mr. Griffin is representing himself in this action, the Court liberally construes his amended complaint and holds the amended complaint to a less stringent standard than pleadings drafted by an attorney.  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

The State of Alabama argues that, even liberally construed, Mr. Griffin's amended complaint fails to state a claim for relief under Rule 12(b)(6) because Mr. Griffin's claims are barred by the doctrine of claim preclusion and Mr. Griffin's claims are implausible on the merits.  (Doc. 17, pp. 4–10).  The Court examines each argument in turn.

## 1.    Claim preclusion

"Because the prior judgment at issue was an Alabama-court judgment, this court must apply Alabama's law of preclusion." *Sophocleus v. Ala. Dep't of Transp.*, 605 F. Supp. 2d 1209, 1218 (M.D. Ala. 2009); *see also N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) ("Federal courts apply the law of the state in which they sit with respect to the doctrine of *res judicata*."). Under Alabama claim-preclusion law, a subsequent suit is barred if there was "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with

substantial identity of the parties, and (4) with the same cause of action presented in both suits." *Sophocleus*, 605 F. Supp. 2d at 1218–19 (quoting *N.A.A.C.P.*, 891 F.2d at 1560) (internal citation and quotation marks omitted). If these elements are met, then "any claim that was or could have been adjudicated in the previous action is precluded." *N.A.A.C.P.*, 891 F.2d at 1560. Mr. Griffin's claims are not precluded because his federal claims and his state criminal conviction do not present the same cause of action.

Causes of action are the same if they "arise out of the same nucleus of operative fact." *Sophocleus*, 605 F. Supp. 2d at 1219; *see also Baloco v. Drummond Co., Inc.*, 767 F.3d 1229, 1247 (11th Cir. 2014). In determining whether the same cause of action is presented in separate lawsuits, courts compare "'the factual issues that must be resolved in the second suit . . . with the issues explored in the first case.'" *Sophocleus*, 605 F. Supp. 2d at 1219 (quoting *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998)). In Mr. Griffin's criminal proceeding, the facts at issue concerned whether Mr. Griffin knowingly possessed the type of obscene material prohibited by § 13A-12-192(b). The state court did not explore issues related to the constitutionality of § 13A-12-192(b). In the instant action, the Court need not resolve factual issues related to whether Mr. Griffin knowingly possessed obscene material. Instead, the Court is concerned only with whether § 13A-12-192(b) places an unconstitutional

restriction on free speech.  Because the facts germane to that analysis do not share a common nucleus with those underlying Mr. Griffin's conviction, Mr. Griffin does not assert the same cause of action here as that adjudicated in state criminal court, and the doctrine of claim preclusion does not bar his constitutional challenge.  *See Baloco*, 767 F.3d at 1246–47; *Sophocleus*, 605 F. Supp. 2d at 1219.

### 2.  Merits

Section 13A-12-192(b) provides that "[a]ny person who knowingly possesses any obscene matter that contains a visual depiction of a person under the age of 17 years engaged in any act of sado-masochistic abuse, sexual intercourse, sexual excitement, masturbation, genital nudity, or other sexual conduct shall be guilty of a class C felony."  ALA. CODE § 13A-12-192(b).  Mr. Griffin argues that § 13A-12-192(b) is unconstitutionally overbroad because, in addition to prohibiting the possession of child pornography, it prohibits the possession of obscene depictions of 16-year-olds, whom Mr. Griffin contends are adults under Alabama law.  (Doc. 30, pp. 8, 12–13).  Mr. Griffin also argues that § 13A-12-192(b) is unconstitutionally vague because its reference to persons "under the age of 17 years" makes it unclear whether the statute prohibits the possession of obscenity or child pornography.  (Doc. 30, pp. 8–9).  The State of Alabama argues that Mr. Griffin has failed to state a plausible claim for relief.  (Doc. 17, pp. 6–10).

Mr. Griffin correctly notes that there is a distinction between obscenity and child pornography. The United States Supreme Court has held that a state may not criminalize the mere possession of obscene material, but it may criminalize the possession of child pornography. *Compare Osborne v. Ohio*, 495 U.S. 103, 108, 111 (1990) ("[W]e find that Ohio may constitutionally proscribe the possession and viewing of child pornography."), *with Stanley v. Georgia*, 394 U.S. 557, 568 (1969) ("We hold that the First and Fourteenth Amendments prohibit making mere private possession of obscene material a crime."). In *Osborne*, the Supreme Court explained that there are compelling interests not present in the context of obscenity that justify a proscription on the possession of child pornography. *Osborne*, 495 U.S. at 108–11 (discussing the state's interest in protecting minors from abuse and exploitation).

Mr. Griffin does not challenge *Osborne*'s holding. Indeed, Mr. Griffin agrees with the general societal consensus that child pornography is "deplorable." (Doc. 30, p. 9). Instead, Mr. Griffin argues that, because the age at which an individual may consent to sexual relations or marriage in Alabama is sixteen, sixteen also is the age at which an individual becomes an adult under Alabama law for purposes of defining the line between obscenity and child pornography. (Doc. 30, p. 13); *see* ALA. CODE §§13A-6-70(c), 30-1-4. Thus, Mr. Griffin contends, § 13A-12-192(b) criminalizes not only the possession of child pornography but also

the possession of obscene depictions of consenting adults, and the statute, therefore, unconstitutionally restricts his First Amendment right to receive information and ideas. (Doc. 13, p. 1; Doc. 30, p. 13); *see also Stanley*, 394 U.S. at 564.

The Court does not agree that § 13A-12-192(b) criminalizes the possession of obscene depictions of adults. The legislature's decision to establish sixteen as the age of consent in § 13A-6-70(c) and § 30-1-4 does not amount to an intention on the part of the legislature to define sixteen as the age of adulthood for all purposes. As the Supreme Court has noted, the regulation of child pornography implicates a unique set of interests. *Osborne*, 495 U.S. at 108–11. These interests differ from those underlying Alabama's laws regarding marriage and consensual sex. Moreover, to the extent that a universally applicable definition of adulthood exists under Alabama law, it can be found in § 26-1-1, which defines the age of majority as nineteen years old. ALA. CODE § 26-1-1.[1] Thus, the Alabama Legislature's inclusion of 16-year-olds within § 13A-12-192(b)'s prohibitive sweep does not amount to a ban on the possession of obscene depictions of adults.

According to Mr. Griffin, the Supreme Court held in *Ashcroft v. Free Speech Coalition* that a state may not expand the definition of a child to include something

---

[1] See also Alabama Code § 12-15-102(1), which defines an "adult" as "[a]n individual 19 years of age or older[,]" and § 12-15-102(3), which defines a "child" as "[a]n individual under the age of 18 years." ALA. CODE §§ 12-15-102(1), (3). An 18-year-old, according to § 12-15-102(18), is a "minor." ALA. CODE § 12-15-102(18).

other than "an actual child." (Doc. 30, pp. 12–13); *see Ashcroft v. Free Speech Coal.*, 535 U.S. 234 (2002). Mr. Griffin argues that § 13A-12-192(b) expands Alabama's definition of a child to include 16-year-olds and thereby criminalizes the possession of images that were produced without using actual children. (Doc. 30, pp. 12–13). Mr. Griffin's argument is artful but unpersuasive. In *Ashcroft*, the Supreme Court determined that the Child Pornography Prevention Act of 1996 (CPPA) was unconstitutionally overbroad because it criminalized the possession of computer-generated, "virtual" child pornography that was "produced without using any real children." *Ashcroft*, 535 U.S. at 239, 241. As discussed above, a 16-year-old human being is an actual child for purposes of § 13A-12-192(b), regardless of the legislature's choice to establish sixteen as the age at which a person may consent to sexual relations or marriage. Therefore, *Ashcroft* is inapposite.

Furthermore, even if Mr. Griffin were correct that a child becomes an adult in Alabama on his or her sixteenth birthday, § 13A-12-192(b) does not, as Mr. Griffin contends, "overreach[]" to an unconstitutional degree. (Doc. 30, p. 13). As the Supreme Court explained in *Osborne*:

> [W]here a statute regulates expressive conduct, the scope of the statute does not render it unconstitutional unless its overbreadth is not only real, but substantial as well, judged in relation to the statute's plainly legitimate sweep. Even where a statute at its margins infringes on protected expression, facial invalidation is inappropriate if the remainder of the statute . . . covers a whole range of easily identifiable and constitutionally proscribable . . . conduct."

*Osborne*, 495 U.S. at 111 (internal citations and quotation marks omitted).  Section 13A-12-192(b)'s prohibition of the possession of sexual depictions of persons under the age of sixteen—*i.e.*, child pornography—is plainly legitimate.  *See id.* To the extent that the provision infringes on protected expression by also prohibiting the possession of depictions of 16-year-olds engaged in sexual conduct, the infringement is marginal.  Thus, even if § 13A-12-192(b)'s overbreadth is real, it is not substantial.  For these reasons, the Court finds that § 13A-12-192(b) is not unconstitutionally overbroad.

Mr. Griffin argues that, because § 13A-12-192(b) treats persons under seventeen as children while other statutes suggest that sixteen is the age at which one ceases to be a child, it is impossible for him to know whether § 13A-12-192(b) proscribes the possession of obscenity or of child pornography.  (Doc. 30, p. 9). Thus, Mr. Griffin argues, the statute is unconstitutionally vague.  (Doc. 30, p. 9).[2]

Regardless of the label one might use to describe it, § 13A-12-192(b) is not vague.  "A statute is impermissibly vague if either: (1) it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits, or (2) it authorizes or even encourages arbitrary and discriminatory enforcement."  *Dana's R.R. Supply v. Atty. Gen., Fla.*, 807 F.3d 1235, 1257 (11th

---

[2] Mr. Griffin does not argue that § 13A-12-192(b) authorizes or encourages arbitrary and discriminatory enforcement.  Rather, his vagueness argument consists exclusively of his contention that § 13A-12-192(b) is "too vague in what type of material we're talking about" and that, as a result, he is "not able to know the nature of what the charge is."  (Doc. 30, pp. 8–9).

Cir. 2015) (internal citation and quotation marks omitted).  Section 13A-12-192(b) provides precise notice of what conduct it prohibits: the knowing possession of "obscene matter that contains a visual depiction of a person under the age of 17 years engaged in . . . sexual conduct."  ALA. CODE § 13A-12-192(b).  Assuming that Mr. Griffin mistakenly inferred from other Alabama statutes that a 16-year-old is an adult for purposes of identifying and refraining from the possession of child pornography, his misunderstanding does not establish that a person of ordinary intelligence would not know, after reading § 13A-12-192(b), that it was illegal to knowingly possess obscene depictions of 16-year-olds engaged in sexual conduct. Because the State of Alabama is free to prohibit the possession of such images (*see supra* pp. 7–9), the Court finds that § 13A-12-192(b) is a valid restriction on expressive conduct and that Mr. Griffin has failed to state a claim for relief under Rule 12(b)(6).[3]

**CONCLUSION**

For the reasons discussed above, the Court **GRANTS** the State of Alabama's motion to dismiss Mr. Griffin's amended complaint.  (Doc. 17).  For the same reasons, the Court finds that it would be futile for Mr. Griffin to amend

---

[3] In addition to its arguments with respect to the *Rooker-Feldman* doctrine, claim preclusion, and the merits of Mr. Griffin's claims, the State of Alabama argues that the Court should dismiss Mr. Griffin's amended complaint because the state is immune from suit under the Eleventh Amendment.  (Doc. 17, pp. 10–11).  Because the Court can resolve the State of Alabama's motion to dismiss on the merits of Mr. Griffin's claims, the Court does not consider whether the State of Alabama is immune from this lawsuit under the Eleventh Amendment.

his complaint to formally assert the arguments he raised during the telephone conference held on January 5, 2017. (*See* Doc. 30).[4]   Accordingly, the Court **DISMISSES** Mr. Griffin's claims against the State of Alabama **WITH PREJUDICE**.

    **DONE** and **ORDERED** this January 26, 2017.

*Madeline H. Haikala*
_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[4] During the conference, Mr. Griffin clarified and refined the overbreadth and vagueness arguments that he asserted in his amended complaint. (*See generally* Doc. 30). Having reviewed the transcript of the conference, the Court finds that a second amended complaint that included the arguments Mr. Griffin raised at the conference would still fail to state a claim upon which relief can be granted.